IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDRIS YOUNG, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DANA METZGER, Warden, and )<br>ATTORNEY GENERAL OF THE )<br>STATE OF DELAWARE, )<br>)<br>Respondents.[1] ) | Civil Action No. 17-192-GMS |

Idris Young. Pro se petitioner.

Maria Knoll. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

May 29, 2018
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former warden David Pierce, an original party to this case. *See* Fed. R. Civ. P. 25(d).

Sleet, District Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Idris Young ("Young"). (D.I. 2) The State has filed a motion for leave to file a motion to dismiss the petition (D.I. 12) along with a motion to dismiss the petition for asserting an issue that is not cognizable on habeas review and also for being time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244 (D.I. 12-1). For the reasons that follow, the court will grant the State's motion for leave to file a motion to dismiss and its motion to dismiss the petition, and will dismiss the petition as time-barred.

## I. PROCEDURAL BACKGROUND

On October 5, 2006, a Delaware Superior Court jury convicted Young of attempted first degree murder, second degree assault, and two counts of possession of a deadly weapon during the commission of a felony. (D.I. 12 at 1) The Superior Court sentenced Young as an habitual offender to a total of fifty-five years of incarceration. *Id.* at 1-2. The Delaware Supreme Court affirmed Young's convictions on direct appeal on August 22, 2008. *See Young v. State*, 957 A.2d 3 (Table), 2008 WL 3892792 (Del. Aug. 22, 2008).

On August 17, 2008, Young filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on April 19, 2011, (D.I. 16-8 at 10), and the Delaware Supreme Court affirmed that judgment on December 5, 2011. *See Young v. State*, 32 A.3d 989 (Table), 2011 WL 6039615 (Del. Dec. 5, 2011).

On March 4, 2016, Young filed a second Rule 61 motion, which the Superior Court denied on August 12, 2016. *See State v. Young*, 2016 WL 10998978 (Del. Super. Ct. Aug. 12, 2016). Young filed a motion for re-argument, which the Superior Court denied on September

12, 2016. (D.I. 16-8 at 13) Young appealed, and the Delaware Supreme Court dismissed the appeal on December 5, 2016 due to Young's failure to diligently prosecute the appeal. *See Young v. State*, 152 A.3d 140 (Table), 2016 WL 7103409 (Del. Dec. 5, 2016).

Young filed a habeas petition in this court on February 20, 2017, asserting one claim: the Superior Court violated his due process rights by sentencing him as an habitual offender because there was no substantial evidence proving the prior predicate convictions beyond a reasonable doubt. (D.I. 2) The State filed a motion for leave to file a motion to dismiss simultaneously with a motion to dismiss the petition as non-cognizable and/or time-barred. (D.I. 12; D.I. 12-1) Young filed a Brief in Opposition. (D.I 17)

## II. DISCUSSION

### A. Cognizability

It is well-established that "[s]tate courts are the ultimate expositors of state law,"[1] and claims based on errors of state law are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, to the extent Young is arguing that the Superior Court misapplied the habitual statute and should not have declared him an habitual offender because of some typographical error in the conviction underlying the habitual offender status, the claim is not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)(holding that, "Federal habeas corpus relief does not lie for errors of state law."); *Johnson v. Rosemeyer*, 117 F .3d 104, 109 (3d Cir.1997)("[A] state court's misapplication of its own law does not [ ] raise a constitutional claim"); *see also Mullaney*, 421 U.S. at 691 ("Federal courts entertaining

---

[1]*Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

2

petitions for writs of habeas corpus are bound by the construction placed on a State's criminal statutes by the courts of that State").

To the extent Young is arguing that his sentence was imposed in violation of the due process clause, the argument asserts a claim cognizable on federal habeas review. Nevertheless, for the reasons set forth below, the court concludes that the petition is time-barred.

**B. One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Young's petition, filed in February 2017, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Young does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the

3

one-year period of limitations in this case began to run when Young's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Young's convictions and sentences on August 22, 2008, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, his convictions became final for the purposes of § 2244(d)(1)(A) on November 21, 2008. Accordingly, to comply with the one-year limitations period, Young had to file his § 2254 petition by November 21, 2009. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Young did not file his habeas petition until February 20, 2017,[2] a little more than six full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts,

---

[2]Pursuant to the prisoner mailbox rule, the court adopts as the filing date the date on which Young provided the petition to prison authorities to be electronically filed: February 20, 2018. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Young filed his first Rule 61 motion on August 17, 2008, months before his judgment of conviction became final. The Superior Court denied the Rule 61 motion on April 19, 2011, and the Delaware Supreme Court dismissed his appeal from that decision on December 5, 2011. Consequently, Young's Rule 61 motion tolled the limitations period through December 5, 2011 which, in these circumstances, actually means that AEDPA's limitations period did not start to run until December 6, 2011.

The limitations period started to run on December 6, 2011 and ran without interruption until it expired on December 6, 2012.[2] Young's second Rule 61 motion, filed in March 2016, does not have any statutory tolling effect, because it was filed after the expiration of AEDPA's limitation's period. Thus, the petition must be dismissed as time-barred, unless equitable tolling is available.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that

---

[2]It is unclear as to why the State asserts the limitations period expired on January 5, 2013. (D.I. 12-1 at 3-4) However, even if the court were to use the State's date, the petition was filed years too late.

5

equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Young does not assert, and the record does not indicate, that any extraordinary circumstances prevented him from timely filing the petition. The court also cannot conclude that Young exercised the requisite "due diligence" to warrant equitably tolling the limitations period. To the extent Young's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll,* 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. LAR. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of

6

reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Young's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Young's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

7